Good morning. May it please the court. My name is Luke McLaurin and I'm here on behalf of the United States. I respectfully reserve three minutes for rebuttal. In this case, the district court granted Davis 2255 relief, even though Davis did not prove that his sentence was unlawful. This court cannot allow that decision to stand. As the 2255 petitioner, Davis was the one who bore the burden of proving that Johnson invalidated his sentence. To meet that burden, he needed to show that his prior Tennessee aggravated assaults only qualified as violent felonies under the residual clause. He did not do so and he cannot do so because the records for those prior aggravated assaults demonstrate that each one involved a variant of the offense that qualifies under the use of force clause, a provision not affected by Johnson. Davis was properly sentenced as an armed criminal and he should not have been granted 2255 relief. At the time that Mr. Davis committed his two aggravated assaults that are at issue in this case, Tennessee's aggravated assault statute contained three different statutory subsections, A1, A2, and A3. The prior conviction records in this case show that Mr. Davis's aggravated assaults fell under the A1 portion of the statute and all variants of the A1 offense count under the use of force clause. So that includes reckless, right, under the old one? Yes, the old version of the statute did not break out mens rea into separate subsections as it does in the current version of the statute. So what do you think of this court's decision in Harper where I understand they followed binding precedent but they also then pointed out the problem with using reckless under this scenario against the person of another? I understand it's binding so I'm just asking the question to get your answer. Respectfully to all the judges on the Harper panel, we think that decision was incorrect. We think that the Verweeb panel... Well, you think the decision is correct, the reasoning is incorrect. The decision ruled in your favor. Yes, we believe that the reasoning outlined in Harper is incorrect and that very reasoning was specifically rejected by the court in Verweeb. The Harper panel placed great emphasis on the phrase against the person of another and treated that as somehow a Rosetta Stone that added an additional requirement. That distinguishes it from Boise, right? Because Boise was just defining use and what the Harper panel said is against the person of another, you can't have a reckless use of force against the person of another. It has to be volitional. But I think what Verweeb specifically considered this issue and said, look, Boise's insight about recklessness is the same. That the key insight from Boise is that the word use is indifferent as to whether the actor has a mental state of intention, knowledge, or recklessness and that insight doesn't change whether the use of force is against the person of another, the property of another, or against any other thing. Also as a practical matter, when you look at Boise, the statute that it was interpreting actually did require the use of force against the person of another. The statute didn't include that specific phrase against the person of another because the linguistic structure needed to be different to encompass a narrower class of persons. I thought, correct me if I'm wrong, I thought Boise was the one who started the plate analogy and they said if you throw a plate next to your spouse and it shatters and harms the spouse, that qualifies. But they were talking about use. And then what Judge Kethledge said in Harper is use against the person of another, if you throw the plate intending to hit next to them, you're not using force against the person of another. It may recklessly harm them. I'm confused. Is Harper the Kethledge case or Verweeb the Kethledge case? Harper is the case that was written by Judge Kethledge. Verweeb is the case that was written by- Well, I was on the panel with Judge Kethledge and I was confusing it. Sorry. First of all, I would point out Verweeb is binding in this circuit as Harper acknowledged. And no other court has adopted the Harper position, not even the First Circuit, which was the first circuit to express some uncertainty about this. The First Circuit recognized that Boise may indeed require the phrase use of force against the person of another to be interpreted exactly as the government suggests, which is that it includes reckless conduct. What the First Circuit said is, well, it could also be interpreted differently. And so we're going to apply the rule of lenity and give the ties to the defendant. I think it's worth noting that the D.C. Circuit recently weighed in on this issue after having the benefit of both Harper and Verweeb and essentially agreed with the analysis in Verweeb for the same reasons as Judge Sutton pointed out in Verweeb. Judge Kavanaugh, writing for the D.C. Circuit, pointed out that if you actually look at Boise, that statute, like the use of force clause in the Armed Criminal Act, required use of force against the person of another. It specifically and textually required that the use of force be against a victim. Now it doesn't include that specific language against the person or the victim because the way the statute was written was to define the class of victims a little bit more narrowly than the class of victims that are at issue in the Armed Criminal Act's use of force clause. But both use of force clauses are using the term use in the same way. They're talking about use of force against a person. And so if that is what is going on, and Boise says... Explain to me, maybe I'm missing something. How do you recklessly use force against another person? In other words, I understand intentional. How do you recklessly do it? Well, you act with a mens rea of recklessness. The plate-throwing example given by the Supreme Court in Boise is an excellent example of how you recklessly use force against the person of another. But I'm not trying to use force against a person of another at that point. You are acting volitionally, which is the key that was identified by the Supreme Court in Boise. You're acting volitionally with an awareness that your conduct will cause harm to others. And that is what is the key, according to the Supreme Court in Boise. That's at issue when one acts recklessly. Will, in fact, cause harm or some lesser likely or extremely likely or whatever? Recklessness generally requires a substantial likelihood. You have to be aware of a substantial likelihood that you're going to cause harm. That's the nuance I was seeking to look, I was seeking to factor in. Have I responded to your concern? Yeah. Yeah. I mean, I think your understanding is the same as mine. I think what you said a minute ago is not necessarily the same as my understanding. Yes. Well, so generally recklessness requires disregarding a substantial risk of harm to that risk and essentially intend to disregard the risk because you don't care whether that other person gets harmed. That is the precise kind of violent conduct that should fall under the Armed Career Criminal Act. The fact that somebody acts recklessly does not make their conduct any less violent for purposes of the Armed Career Criminal Act. And so I think this Court in Beir Weib and every other circuit, with the sole exception of the First Circuit, has correctly said that the Armed Career Criminal Act's use of force clause does encompass reckless conduct. And in this case, what we have is a situation where Mr. Davis was coming in and saying his sentence was in fact unlawful, but he hasn't offered any evidence to prove that his sentence was based upon a prior violent felony conviction that only qualified under residual clause. The evidence in this case, to the contrary What about his argument that the Shepard documents aren't sufficient? Well, I think the argument there is misplaced for two reasons. First of all, he is the one who has the burden to prove that he was convicted of a variant that doesn't qualify. So if the Shepard documents are not sufficient, that means he loses. That means the evidence doesn't help him meet his burden. Now, in the interest of justice, the United States provided the claim that he was somehow convicted of a variant of aggravated assault that doesn't qualify. If you look at the charging document, which again is the document that the Supreme Court says you should always look at, what was he charged with? In this case, he was charged with committing a variant of aggravated assault that falls under the A1 portion of the statute. That is, he assaulted somebody and either caused serious bodily injury or used or displayed a deadly weapon. As this court has repeatedly found, that variant of aggravated assault has as an element the use, attempted use, or threatened use of violent physical force against the person of another. This court has issued numerous decisions addressing both the causing serious bodily injury variant of that offense as well as the deadly weapon variant of that offense. That particular part of the aggravated assault statute, it is well settled qualifies as an offense involving the use, attempted use, or threatened use of violent force against the person of another. The petition, notably, does not charge, excuse me, the petition, the charging document in this case, doesn't use any of the language of the A2 or A3 variants of the offense. The A2 variant requires that someone be a parent or custodian of a child or an adult. That's a key element of the offense. That is nowhere in the petition. The A3 variant requires that somebody be subject to a restraining order. Again, that is nowhere in the charging documents in this case. So these charging documents preclude the possibility that he was actually convicted of one of those other variants of the offense because he couldn't have been convicted of a variant of the offense with which he was never charged. I know that counsel has suggested, well, there's a mere possibility he could have somehow been convicted of a different variant, but there's simply no evidence whatsoever to establish that in this record. And at the end of the day, it is Mr. Davis's burden as the 2255 petitioner to prove his claim. He must prove that his sentence is in fact unlawful. And if he can't show that any of his prior convictions qualified only under the residual clause, he cannot meet that burden. And so it's for that reason we are asking this court to reverse the district court and reinstate Davis's original judgment, sentencing him to a 15-year term. I thought the general principle of Johnson was that we're supposed to apply the categorical approach, right, on prior crime, prior convictions. Yes. And if you do that, the Tennessee aggravated assault statutes encompass more than, what, because they include instances where you're a custodian of a minor and, you know, a guardian and you don't protect them or something. That would not, if he were convicted of that, that wouldn't be probably an aggravated, a violent felony, would it? Absolutely, Your Honor. All right. So what is it that allows us to look at the underlying documents and get away from the categorical approach? I see my time is about to elapse if I can finish answering your question. The reason we're allowed to look at the documents here is because we're dealing with precisely that kind of divisible statute situation that the Supreme Court has recently talked about so much in the Discamps and Mathis cases, where you have a statute that lists one offense, aggravated assault, but it provides alternative elements of that offense. So essentially what the statute does is it creates more than one offense. It's not just one aggravated assault offense. It's actually four different aggravated assault offenses that are contained within the language of the statute. And what this court has to do under the Supreme Court's modified categorical precedent is look to the documents and identify what was the specific offense of conviction? Which part of the statute was he actually convicted of violating? And so our position is because he can't show that he was convicted of violating a portion of the statute that only qualifies in the residual clause, he has not met his burden. And more than that, the records conclusively show that he was convicted of a variant that qualifies under the use of force clause. He was properly sentenced as an armed criminal and should not have been granted 2255 relief. Thank you, Your Honor. Good morning, Your Honors. Laura Davis for Jeremiah Davis. The government keeps referring to records, these records of conviction. And the government is being very careful not to refer to them as shepherd documents because the vast majority of the documents in the government refers are not shepherd documents. While shepherd does recognize that charging documents can be referred to, it is in the context of when somebody has pled guilty as charged that we can look back to an indictment to figure out, okay, you pled guilty to that indictment. What were you charged with? And in Mr. Davis's case... But here he pled to the exact thing. And as the government points out, the burden is on you, not them. So they don't have to come forward with anything to show it. But what they did is came forward and showed that he was charged under A-1 because he's charged with shooting people. We engage in this charade, but it's amazing. No one in America would say shooting people isn't a crime of violence. He's charged with shooting people. In one case of murder, as you point out in your brief, they drop it down to A-1 ag assault. And that's what the bench trial results in a guilty. And in fact, in the murder, they went back and amended it after the bench trial to show it was ag assault. He went to trial, Your Honor. He did not plead guilty. And so then... Right. But the bench trial found him guilty of the charge. And in Tennessee, that is the ag assault. It found him guilty generally of aggravated assault. There is not a subsection. Well, but the trial wasn't about the other subsections. I mean, the trial is about conduct that would fall within the subsection that would prohibit shooting people. I mean... Your Honor, I would go back then to judge the Parr's questions to the government about reckless aggravated assault. Because the 1991-1992 version of the statute did not separate out reckless from knowing and intentional. And despite the government's assertion, two circuits have said that reckless aggravated assault, when it can be committed with an automobile as the deadly weapon, is not covered by Voisin. That's a different class of offense because the sort of people who might drive drunk and then get in an accident injuring a passenger or whoever they hit, that's a different class of defendant than somebody who's shooting at people. However, here in Tennessee's aggravated assault statute, you have deadly weapon. But what sort of deadly weapon is a means and not an element? And you have an off... So to push back on myself, because I agree with what you've just said, but he did use a deadly weapon. I mean, he shot someone. So why aren't we just looking at the real facts here? Because the Supreme Court has told us not to look to the facts alleged. That we can only look to the elements. And that at times we are engaged in this odd proceeding of, well, this is what was charged, but those are facts, they're not elements. And under Apprendi, you start with Apprendi and you keep winding your way through in the last 18 years, that if you're going to raise somebody's mandatory minimum to five years above the statutory maximum and raise their potential maximum to life, what we are only allowed to look at is what needed to be proven to a jury beyond a reasonable doubt or what was the necessary... And that's true in Mr. Davis' case, you know, proved to a judge beyond a reasonable doubt. What were the precise elements of the offense? And the government's assertion that Mr. Davis' needed to prove absolutely without a doubt that he had been sentenced under the residual clause is a different interpretation of the preponderance of the evidence standard than any court has ever given it. Explain that, I'm sorry. What Mr. Davis needed to show is that he may have been sentenced under the residual clause. His predicate may have been found that way. It's not a doubtless proof. It's just a preponderance of the evidence standard. And I think we've said that phrase so often, it almost comes divorced from its meaning. What is the preponderance of the evidence that shows he was sentenced under the residual clause versus the violence? Because there's no evidence. And so the problem is what the government says, look, if there's no evidence, on direct review, the burden would be on us. But on habeas, the burden's on you, and you can't make that show. That's what they keep saying. That's what they keep... If we had a statute where no part of the statute was residual clause. Do you have the charging documents in the bench trial judgment? Because it says aggravated assault as amended by the agreement. Then you go back and look at the agreement, and it's amended by agreement to charge of aggravated assault from a murder. So we know it's A1. So there's a preponderance of the evidence the other way. It's from an attempted murder. Well, you can't... The point is, it's a question of proof. You can't make the existence of the residual clause into an evidentiary fact. I mean, that's... I think that's the distinction. I think, though, that the existence of the residual clause and the existence of portions of the statute that would only qualify as a violent felony via the residual clause, and that there is no evidence one way or the other, you then step into the Stromberg... When there's no evidence one way or another, the party having the burden fails. Except under the Stromberg principle, Your Honor, where... The Stromberg principle is a trial issue of you have a general verdict to a statute, a three-part statute, one of which is unconstitutional. Why would we ignore the evidence we have? I mean, in other words, what you're asking us to do is ignore actual evidence and engage in hypotheticals. I'm not asking you to ignore actual... I'm not asking you to ignore the evidence you are allowed to consider under Shepard. And Shepard and Mathis and DeCamps, they all consider the charging documents because the charging documents help inform what they pled to or what they were convicted of. In fact, it tells you what the charge defense was. And that's the principle behind all three of those cases. But all three also say that they look to that document for the elements, not for the facts. So in Mr. Davis' case with the shooting... But the facts inform the elements. In other words, if we know he shot someone, we know he wasn't worried about A2, right? I mean, we know he can't be convicted of A2 if he shot someone. Correct. A3, yes. A2, no. However, you go back to A1 in this version of the aggravated assault statute where it could have been... Because that action of shooting, that use of a gun, that is facts. It's not an element. You just need generically a deadly weapon. So within the context of A1, you have the potential for him recklessly firing a gun at somebody. You have the option of maybe this was a drive-by shooting. Maybe they decided that it was the driving that was reckless. None of that has anything to do with the evidence here. That just has to do with could-have-beens. That has to do with lawyer speculation. It has to do with the sorts of speculation that the Supreme Court has endorsed. The problem is where the procedural posture... What Judge Gibbons keeps coming back to is the procedural posture of this case. If the coin lands on its side, you lose. It has to fall down one way or the other. It has to fall your way for you to win. Except where also with that coin on its side, you have the extra nudge of the rule of lenity. That when you're dealing with constitutionality... The rule of lenity doesn't have anything to do with changing burdens of proof, I don't believe. I think it gives the situation a nudge, which is what you saw in Williams where some portion... No, no, wait a minute. Rule of lenity is a legal doctrine to interpret law. What we're talking about here is evidence. If to sustain... We don't need any help interpreting the burden of proof here, preponderance of the evidence. That's the legal standard. Then the evidence is these documents or nothing. What you're saying is there's nothing. The government's point is you still lose if there's nothing. If there's nothing and we're looking at... The other issue in applying the standard of proof is recognizing the reality of life in the district courts before Johnson where when in doubt, it was the residual clause. You didn't have to prove a whole lot. We had courts saying, oh, it's aggravated assault. That sounds violent. It qualifies. If it doesn't qualify under the use of force, you could put an eye out that way. It's the residual clause. As we come later to raise a claim under a section of the statute that has been ruled to be unconstitutional ob initio, which is how we can even file these petitions, if there's a chance, if it's possible... That's not the standard. It's not if there's a chance if it's possible. It's you have the preponderance on habeas to show. If it is completely neutral... You lose. I don't think we should lose. I point out that here we have evidence. We have not only evidence of the charging documents, we also have the finding that the judicial officer made beyond a reasonable doubt that he was guilty as charged. Not that he was guilty as charged, Your Honor, but that he was guilty of aggravated assault. Wait, but it says, in one it says as amended by the agreement, and in the other I thought it said as charged. And I apologize if I'm misstating the rest. Rather than looking at the documents. It does say as amended by the agreement, and then they amended it to ag assault. Correct, but we don't know, we only know they amended it to aggravated assault. We don't know what subsection, we don't know what that agreement was, or what the testimony was. What do you mean, I'm not sure I follow. That they just say as amended aggravated assault. It doesn't say 3913-102-A1A, or A1B, or A2. By shooting the victim in one, it's charging. And so we can read that as a Shepard document. I mean, the only way you get around this is saying these aren't proper Shepard documents, which I understand is your argument. Yes it is, Your Honor. If there are no further questions, thank you. May it please the court. I'd just like to briefly respond to two points raised. First, I want to respond to this argument that somehow the government and this court in Potter has in our proceedings. The whole argument that has been presented today, and also in the recent 20HA letter that was filed, conflates two different things. It conflates the fact that somebody needs to prove in order to win their case with the burden by which they need to prove that fact. What Potter identified was the fact that you need to prove in order to win a Johnson claim. You need to prove that your sentence was based only on the residual clause. Potter didn't change the fact that the standard by which you meet that burden is preponderance of the evidence. And the government is not requesting higher standard. We're simply asking this court to hold defendant to the standard that exists. He has to show by a preponderance of the evidence, meaning is it more likely than not that his prior conviction qualified only under the residual clause? And the answer to that question in this case is no, it is not more likely than not, especially when there is no evidence whatsoever to indicate that his prior aggravated assaults qualified under the residual clause. And the evidence in the record, the proper Shepard documents, show that he in fact was convicted under the residual clause, excuse me, found guilty of a variant that qualifies under the residual clause. And I also want to address this whole Shepard document issue. There's been some sort of suggestion that somehow these charging documents aren't proper Shepard documents, but they're the exact kind of documents the Supreme Court has consistently told courts to look at. I know Ms. Davis has said that, well, you can't look at charging documents when there's a trial, but that's the exact opposite of what Taylor said. In Taylor, the Supreme Court said, no, you want to look at the charging document in a case when there was a conviction by trial because the charging document tells you the theory of the case that must necessarily have been presented. And under Tennessee law, an individual can only be convicted of an offense which is charged in the charging document. And so in this case, the charging documents are the most relevant piece of evidence, and these charging documents establish that Davis's two prior aggravated assaults involved the A-1 variant of the offense, which counts- And some of the cases even say you can look at jury instructions, don't they? Yes, you can look at jury instructions. Jury instructions, obviously you've had a trial, not a guilty plea. Yes. The kinds of documents you're going to look at are going to depend on the context in which that case proceeded. But here, when you have a petition and an adjudication of guilt, I mean, these are the precise kinds of documents the Supreme Court has said you can look at. And because they show that the ag assaults involved a variant of the offense that qualifies under the Use of Force Clause, they show that Davis was properly sentenced as an armed career criminal. He should not have been granted 20 to 55 relief. This court should reverse the district court and reinstate Davis's original judgment. Thank you, Your Honors. We thank you both for your argument. We'll consider the case carefully. That concluding today's business, you can adjourn court.